**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Juan Antonio CHAVEZ–REGALADO,**
Defendant–Appellant.

No. 03–10522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 9, 2004.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Thomas E Flynn, AUSA, Office of the U.S. Attorney, Sacramento, CA, William L. Sims, Marianne Pansa, Office of the U.S. Attorney, Fresno, CA, for Plaintiff-Appellee.

W. Scott Quinlan, Esq., Law Offices of W. Scott Quinlan, Fresno, CA, for Defendant–Appellant.

Before LAY,* HAWKINS, and BYBEE, Circuit Judges.

### MEMORANDUM **

The defendant was charged with being a previously deported alien found in the United States without permission of the Attorney General. *See* 8 U.S.C. § 1326. The defendant now appeals the district court's denial of his motion to dismiss his indictment by collaterally attacking his underlying deportation order. We hold that the defendant was not improperly deprived of the opportunity for judicial review and the entry of his underlying deportation order was not fundamentally unfair. *See* 8 U.S.C. § 1326(d)(2)-(3). We affirm the district court.

■ Despite any Immigration and Naturalization Service (INS) records to the contrary, the defendant was well-aware that he had not received the Notice of Hearing in Spanish and could have moved to reopen his deportation proceedings on this basis. The erroneous record entries did not deny the defendant the ability to litigate the failure of the INS to follow its own procedures or to make a record for appellate review of the issue. Hence, the defendant has not demonstrated that he was deprived of the opportunity for judicial review. *Cf. United States v. Pallares–Galan,* 359 F.3d 1088, 1096 (9th Cir.2004).

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

■ Neither was the entry of the defendant's deportation order fundamentally unfair. It is not reasonable that the defendant mistook the "14 day" language embedded in the middle of the second paragraph of the Notice of Hearing—without month, year, or time listed anywhere near it—for the date of his continued deportation hearing. The date and time for the hearing were written in a prominent place on the form in large characters. The Immigration Judge (IJ) twice recited to the defendant (both times translated into Spanish), the date and time of his continued hearing, and the defendant affirmatively responded that he understood. Further, whether or not the IJ informed the defendant of the consequences of not appearing, the defendant declared in accordance with his Motion to Reopen that he "understood perfectly how important these proceedings were." On this record, we cannot find that the defendant's order of deportation in absentia was fundamentally unfair.

■ Finally, the district court duly considered the relevant factors in determining whether the defendant's federal term should run concurrently with his undischarged state term of imprisonment. *See* U.S.S.G. § 5G1.3. With a criminal history category of IV, and an offense level of 21, the defendant's guideline range was 57 to 71 months imprisonment. The court sentenced the defendant to only 30 months, allowing the defendant the benefit of the government "fast track" program despite his ineligibility for the program. In so doing, the judge achieved a "reasonable punishment" and "avoid[ed] unwarranted disparity." *See United States v. Chea*, 231 F.3d 531, 538 (9th Cir.2000).

The defendant is not entitled to collaterally attack the validity of his deportation pursuant to 8 U.S.C. § 1326(d), and is therefore not entitled to dismissal of his indictment on this basis. The judgment is AFFIRMED.